Dear President Berthelot:
Your request for an Attorney General's opinion has been referred to me for research and response. The legal issue is whether West Baton Rouge Parish Council's ordinance about water pipe size overrides a rule on the same subject promulgated by an agency — Water District No. 2 — authorized under the terms of a separate state statute. (The proper legal name for this agency may be "Waterworks District No. 2", but your Letter of Request refers to it as "Water District No. 2", so we shall also.)
The facts that underlie your request are simple and straightforward. In 1926, the Louisiana Legislature first authorized police juries (parish governing authorities) to create waterworks districts. In 1973, pursuant to this legislative authority, after a favorable vote by the electorate in a parish-wide election, the West Baton Rouge Parish Police Jury created Water District No. 2.[1] Water District No. 2 thereafter promulgated its own set of rules pertaining to the appropriate size of water lines to be used in subdivisions. Sometime around 2003, the West Baton Rouge Parish Council ("the Council") passed an ordinance that permitted a developer to use a different size pipe from the one Water District rules required. Subsequently, the developer became aware that the water lines that it intended to use did not comply with the rules and regulations of Water District No. 2.
These facts create an interesting legal quandary because they basically pit one sovereign entity — a home rule form of government — against another autonomous body with plenary power — the Louisiana Legislature, both of which, *Page 2 
however, are inferior to and bound by the supreme authority of the Louisiana Constitution. The resolution of this problem requires reference to and an analysis of the Home Rule Charter of West Baton Rouge Parish; La. R.S. 33:3811, et seq., the current statute that authorizes creation of waterworks districts; and Article VI, Section 15 of the Louisiana State Constitution.
Parish governing authorities may create waterworks districts pursuant to La. R.S. 33:3811. The constitutional language, infra, authorizing the abolition of such districts, and granting the Parish Governing Authority "General Power" over same, was carried over into the West Baton Rouge Parish Home Rule Charter in Section 7-07 and Section 7-09. 7-07-F provides that: "The council may, by ordinance, * * *abolish * * * any administrative boards and commissions in existence at the date this Charter becomes effective * * *." 7-09-A grants the Parish Council "general power over any agency heretofore created by the governing authority of West Baton Rouge Parish [which at the time of the creation of Water District No. 2 in 1973 was the West Baton Rouge Police Jury] or hereafter created by the council including, without limitation, the power to abolish the agency. . . ."
Notwithstanding the Parish Council's right to alter the structure of and even to abolish a waterworks district, La. R.S. 33:3815 confers broad authority on such a district to act by declaring it "shall constitute a body corporate in law, with all the powers of a corporation, and all powers necessary for it to carry out the objects for which it was created." Further, R.S. 33:3818 provides that ". . . the Waterworks District shall have absolute control and authority over the waterworks in the District. . . ." Seemingly, this language would grant to a waterworks district the right to determine the size pipe to be used in subdivision construction. However, such language must be considered in light of applicable Louisiana Constitutional limitations.
One such limitation is contained in Article VI, Section 15 of the Louisiana Constitution which provides that "[t]he governing authority of a local governmental subdivision [which is now the West Baton Rouge Parish Council] shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency. . . ." This language imparts to a local governmental subdivision, such as the West Baton Rouge Parish Council, "general power" over any agency, such as Water District No. 2, created by it. So broad is this power that it extends to even the abolition of the agency.
Article VI, Section 15 of the Louisiana Constitution allows the Council to abolish Water District No. 2. This Section, codified in Article VI, takes precedence over any state law provision, since a statute of the Louisiana Legislature cannot supersede any provision of the Louisiana Constitution. It would therefore follow that any exercise of power that involved something less than the abolition of the agency would be permitted under the specific "General Power" terms of Article *Page 3 
VI, Section 15, under the Latin legal maxim in eo quod plus sit, simperinest et minus ("the greater includes the lesser"). Thus, it is the opinion of this Office that the West Baton Rouge Parish Council may pass an ordinance dictating minimum water pipe size that overrides a rule on the same subject promulgated by an agency (Water District No. 2) authorized under the terms of a separate state statute, inasmuch as the Council, under Article VI, Section 15, of the Louisiana Constitution of 1974 "shall have general power over" the Agency, and is even constitutionally empowered "to abolish the agency" created by its predecessor-in-interest. (Emphasis added.)[2] *Page 4 
Finally, this Opinion has waded through, analyzed and interpreted local home rule charters, state statutes and Louisiana Constitutional provisions. On the basis of this information, we believe the Opinion has reached a reasoned result. However, this Opinion is not a final judgment of a Court of competent jurisdiction. As suggested by this office in Attorney General Opinion No. 93-479, perhaps "it would seem more prudent and definitive to . . . obtain a declaratory judgment so stating from a court of law having jurisdiction over the District. . . ." This course of action would seem to be the most sensible since (now paraphrasing Attorney General Opinion No. 93-479) without a court judgment recognizing such power in the Council, the Council's authority to effect such an overriding of the District's rules or regulations in a given case might remain in doubt.
We hope this sufficiently answers your inquiry. However, if you have any further questions, or if we can be of further assistance to you in any other way, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________ Andrew J.S. "Jack" Jumonville Assistant Attorney General
 CCF, Jr./AJSJ/tp
[1] The West Baton Rouge Parish Policy Jury was the predecessor-in-interest to the West Baton Rouge Parish Council which came into existence and assumed the authority of the Police Jury as the Parish Governing Authority on January 1, 1996.
[2] At first blush we had concerns about a possible distinction between an "Agency" and a "District". However, that question has been resolved in favor of "no distinction" by the following authorities.
The case of Brasseau v. Vermilion Parish Police Jury, 361 So.2d 35
(3rd Cir., 1978), "Rehearing Denied Aug. 15, 1978", "Writ Refused Oct. 10, 1978 [363 So. 2d 535 (1978)]" decided the question: ". . . What does the term agencies encompass as contained in Article VI, § 15 of the Louisiana Constitution of 1974?" The Court held that the omission of the word "district" in "that section [of the 1974 Constitution] since the word `district' was used in other sections in this particular article of the Constitution" did not indicate a desire of the Redactors of the 1974 Constitution that the "Prairie Gregg Drainage District" (emphasis added) not be included within the ambit of the word "agency" in this Article and Section of the 1974 Constitution. The court in Brasseau reasoned as follows:
LSA-Const. 1974, Article VI, § 15 provides:
 "The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issue by he agency." The source provision for the above article was Article XIV, § 46 of the 1921 Constitution. [Footnote 1 quoting this part of the 1921 Constitution is omitted.] Paragraph A of § 46 utilizes the terms "board", "commission", "agency", "district", "office", "government", or "any device whatever having governmental functions, powers or authority" in describing those bodies created or established by governing authorities of a parish or municipality. In the last sentence of Paragraph A, the word "agency" is used twice to refer to the various enumerated bodies listed above. The Louisiana Constitution of 1974 does not specifically define the term "agency" as it is used in the article dealing with local government. See LSA-Const. 1974, art. VI, § 44. However, the discussion at the constitutional convention relative to the language of this section reflects that the term "agency" was intended to include special districts such as drainage, lighting, road, and hospital service districts. See State of Louisiana, Constitutional Convention of 1973, Verbatim Transcripts, Vol. XVIII, pp. 71-73 (56th day, September 28,1973).
 In interpreting the 1974 Constitution, the courts of this state have referred to the official proceedings and transcripts of the Constitutional Convention. [Citations omitted.] * * * Based upon a review of the language contained in the similar article in the 1921 Constitution and the deliberations of the 1973 Constitutional Convention, we conclude that the term "agency" as used in Article VI, § 15 of the 1974 Constitution encompasses the same bodies as were enumerated in Article XIV, § 46 of the 1921 Constitution. Therefore, drainage districts such as the Prairie Gregg Drainage District would be included within the scope of this section.
In Attorney General Opinion No. 03-0234, dated July 25, 2003, this Office has opined that the 1974 Constitution, Article VI, Section 15, covered the Waterworks District No. 1 of DeSoto Parish (emphasis added), in its provisions regarding "general power over" and "the power to abolish . . . any agency heretofore or hereafter created by it".
Therefore, further reflection convinces us that Water District No. 2 is considered to be an "agency" under the aforesaid provisions of the 1974 Constitution.